FILED
JUL 0 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP,

                    Plaintiff,

      v.

SIMPLEXGRINNELL LP,

                    Defendant.

09-412-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

## Introduction

      Currently before the court is plaintiff PacifiCorp's ("PacifiCorp") motion to remand pursuant to 28 U.S.C. § 1447. PacifiCorp filed this action against defendant SimplexGrinnell LP ("SimplexGrinnell") for breach of contract in the Circuit Court of Oregon for the County of Multnomah. SimplexGrinnell removed the action to this court pursuant to 28 U.S.C. § 1332(a) and

FINDINGS AND RECOMMENDATION     1                     {AM}

(c), § 1441 (a) and § 1446(a), (b) and (d). This court has original jurisdiction over this matter based on complete diversity and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a) and (c) and 28 U.S.C. § 1441(a).

PacifiCorp argues that removal of this action to federal court violated the forum selection clause ("Clause") of the parties' contract, and therefore the case should be remanded. SimplexGrinnell responds that the Clause does not bind litigation to the court that PacifiCorp chooses, but rather binds litigation only to any state or federal court within the state of Oregon and does not extinguish its right of removal. The court concludes that the Clause is mandatory and exclusive, and that it gives to PacifiCorp the sole discretion to choose the forum for litigation. Accordingly, PacifiCorp's motion to remand should be granted.

*Background*

PacifiCorp is an Oregon corporation with its principal place of business in Portland, Oregon. It provides electrical services to businesses and households in the Western United States. SimplexGrinnell is a Delaware limited partnership providing fire system inspection services and is authorized to do business in Oregon. On December 27, 2005, PacifiCorp and SimplexGrinnell entered into a general services contract ("Contract") for fire systems inspection services. The Contract stated in relevant part:

> This contract shall be governed by and construed in accordance with the laws of the State of Oregon. Any litigation between the parties arising out of or relating to this contract will be conducted exclusively in federal or state court in the state of Oregon, at the discretion of Company [PacifiCorp], and Contractor [SimplexGrinnell] consents to jurisdiction by such courts.

On July 31, 2006, SimplexGrinnell's employees performed a fire pump inspection at PacifiCorp's power plant in Mona, Utah. According to PacifiCorp, the negligence of

FINDINGS AND RECOMMENDATION        2                    {AM}

SimplexGrinnell's employees caused significant physical damage to the power plant. PacifiCorp filed suit in Multnomah County Circuit Court for breach of contract. On April 20, 2009, SimplexGrinnell removed the matter to this court pursuant to 28 U.S.C. § 1332 and § 1441. PacifiCorp filed a motion to remand pursuant to 28 U.S.C. § 1447.

*Legal Standard*

In cases based on diversity jurisdiction, federal law governs the enforceability of forum selection clauses. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The courts view the issue of enforceability as one of venue rather than subject matter jurisdiction. *Argueta*, 87 F. 3d at 324; *see also Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) [improper venue]."). This court has subject matter jurisdiction based on diversity to decide whether the forum selection clause is enforceable. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984), *overruled in part on other grounds Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007).

The enforceability of a forum selection clause is controlled by *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), which held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10. Forum selection clauses can be either mandatory or permissive. To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). Permissive forum selection clauses are those that do not identify the chosen

FINDINGS AND RECOMMENDATION        3                                      {AM}

forum as exclusive and, thus, will not be enforced as such. *Id.  See also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (forum selection clause that provided for jurisdiction in California state court was permissive and not mandatory because such jurisdiction not designated as exclusive).

If the language of a forum selection clause requires analysis to interpret its exact meaning, the court applies ordinary principles of contract interpretation. *Hunt Wesson Foods*, 817 F.2d at 77 ("The question of whether the forum selection clause is mandatory or permissive is determined according to principles of contract interpretation."). *Accord Mead Investments., Inc. v. Garlic Jim's Franchise Corp.*, No. 08-922-HU 2008 WL 4911911 at *3 (D. Or. Nov. 13, 2008) (citing *Hunt Wesson Foods*).  Words should be given their plain meaning and any ambiguities should be construed against the drafter. *Hunt Wesson Foods*, 817 F.2d at 77-78.  Where the forum selection clause is claimed to act as a waiver of the right of removal, the court applies the ordinary principles of contract interpretation standard. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999) (determining waiver by applying the ordinary principles of contract interpretation standard to a forum selection clause and distinguishing the "clear and unequivocal" standard as applicable to litigation-based waiver claims).

## Discussion

Neither party contests the enforceability of the Clause based on the standards set forth in *Bremen*, nor does SimplexGrinnell argue the Clause is unreasonable in any way.  The disagreement here is whether the Clause is mandatory and exclusive, and constitutes a waiver of SimplexGrinnell's removal rights.  If the clause is mandatory and exclusive, it allows PacifiCorp to designate a particular forum as the only appropriate one and acts as a waiver of SimplexGrinnell's removal

rights. "The Ninth Circuit rule is that to be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Mead Investments., Inc.*, No. 08-922-HU 2008 WL 4911911 at *3 (internal citation and alteration omitted).

The Clause is mandatory and exclusive. The state and federal courts of Oregon are explicitly designated as the only fora in which any litigation arising from the Contract may be brought. "Clauses that specify a certain venue with mandatory language are enforced, and bar litigation elsewhere." *Barhyte Specialty Foods, Inc. v. Accutek Packaging Equipment Co., Inc.*, No. 07-855-JE, 2007 WL 2463244, at *4 (D. Or. Aug. 28, 2007) (internal citation omitted). Here, the Clause uses the word "exclusively" in reference to the state and federal courts of Oregon. That this language is intended to specify venue is clear by the separate acknowledgment in the Clause that SimplexGrinnell consents to the jurisdiction of the state and federal courts of Oregon.

The parties have not cited and the court has not found a case that analyzes a forum selection clause that uses the exact language of the Clause, but several Ninth Circuit cases have analyzed very similar language and thus are instructive here. The Ninth Circuit considered mandatory a clause which read "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), and Exhibitor hereby consents to the jurisdiction of said court." *Pelleport Investors., Inc.*, 741 F.2d at 275. The court affirmed the district court's order of remand to state court. *Id.* at 281. In *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989), the Ninth Circuit found as mandatory a clause that read "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider Ltd.*, 875 F.2d at 764. The court found the *Docksider* clause mandatory because it clearly denoted a specific county as the only forum for an action, therefore precluding venues outside of that county. *Id.* In contrast, the clause in *Hunt*

*Wesson*, which stated "the courts of California, County of Orange, shall have jurisdiction over the parties," was permissive instead of mandatory because the language did not limit jurisdiction only to those courts. *Hunt Wesson*, 817 F.2d at 76. Here, the Clause contains the word "exclusively," a term relied upon in cases that have found a forum selection clause mandatory. This distinguishes the Clause from those forum selection clauses that designate jurisdiction in a particular forum but do not make that jurisdiction "exclusive" or the "only" jurisdiction in which litigation may be brought.

SimplexGrinnell argues that the Clause is merely geographic or territorial in nature. Geographic clauses are not a distinct group of forum selection clauses; they are permissive clauses grouped into a category because they restrict the forum based on physical boundaries of jurisdiction. In *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 440 (S.D.N.Y. 1979), the court considered language which provided that "only the New York courts shall have jurisdiction over this contract." *Pullman*, 477 F. Supp. at 440. The *Pullman* court considered this language to be permissive, and only a geographical limitation: "If the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty; on the other hand, if it encompasses New York State court and the federal court sitting in the State of New York, it is a term of geography." *Id.* at 442. SimplexGrinnell's reliance upon *Pullman* is misplaced, however, because the Clause is materially different from the *Pullman* provision: the Clause does not merely limit the forum to the territorial boundaries Oregon, but goes farther by specifying venue in either the state or the federal court system within the territorial boundaries of Oregon, whichever PacifiCorp chooses. Thus, the Clause does not suffer from the drafting oversight or ambiguity present in the *Pullman* case and upon which the court based its finding that the forum selection clause there was permissive.

SimplexGrinnell also argues that the word "discretion" simply reiterates that PacifiCorp is entitled to bring suit in Oregon to the exclusion of otherwise appropriate fora, but this argument also is unavailing. Under ordinary principles of contract interpretation, the court must give meaning to all words of the Clause. If, as SimplexGrinnell urges, the phrase "at the discretion of [PacifiCorp]" only reiterates that PacifiCorp has the option to bring suits in Oregon instead of an appropriate venue elsewhere, the phrase would be superfluous and redundant. Under the clear language of the Clause, any litigation arising between the two parties already is restricted to Oregon by the phrase "federal or state courts in the state of Oregon." The only reasonable reading of this language is that it permits a choice between the state and federal courts within Oregon; the language cannot properly be read to preserve a choice between Oregon and the courts of other states. Moreover, if the Clause was not meant to be mandatory, the parties could have limited jurisdiction to Oregon in much fewer words. *See Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659 (2nd Cir. 1988) ("the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch."). Thus, the phrase "at the discretion of [PacifiCorp]" spells out which party is entitled to make the choice that the Clause permits.

SimplexGrinnell contends that the Clause cannot be mandatory because it permits a choice between different forums, but other courts have found that a forum selection clause that gives one party the right to choose the particular forum is not inconsistent with the clause being mandatory. *Koninklijke Philips Electronics v. Digital Works*, 358 F. Supp. 2d 328, (S.D.N.Y. 2005), and *American Home Assur. v. TGL Container Lines*, 347 F. Supp. 2d 749, (N.D. Cal. 2004), are examples of courts enforcing as mandatory those forum selection clauses that give a choice of forum to one party. The clause at issue in *Koninklijke* allowed the plaintiff the "sole discretion [to] submit

any such dispute either to the state or federal courts in the venue." *Koninklijke*, 358 F. Supp. 2d at 330. The clause considered in *American Home* provided that disputes could be governed by one of several courts, "at the option of merchant." *American Home*, 347 F. Supp. 2d at 757. Both courts found that the forum selection clause at issue was mandatory and enforceable and upheld the enforcing party's right to select the forum. In sum, the only interpretation that gives effect to the discretion phrase in the Clause is one that entitles PacifiCorp to choose between the state and federal courts within Oregon, and not between courts within Oregon and courts outside Oregon, and that choice does not affect the mandatory character of the Clause.

SimplexGrinnell also argues that the Clause does not contain clear language by which SimplexGrinnell waives its right to federal removal, but the clause is mandatory and exclusive to the forum that PacifiCorp chooses, and thus waiver of removal rights is implied. When a forum selection clause mandates action in state court, the case cannot be removed to federal court. *Mead Investments.,* No. 08-922-HU 2008 WL 4911911 at *3. Likewise, when a forum selection clause mandates action in whichever court the plaintiff selects, the case cannot be removed to a different court. *Snapper*, 171 F.3d at 1261; *Kloninklijke*, 358 F. Supp. 2d at 330, 334; *see also IFC Credit v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 613 (7th Cir. 2006) (enforcing as mandatory and a waiver of removal a clause that stated "legal actions relating to this lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at rentor or Rentor's assignee's sole option."). Here, the Clause uses language substantially similar to the language of the forum selection clauses that these cases found constituted a waiver of the right to

federal removal.[1]

SimplexGrinnell further argues that waiver is not implied because the clause is ambiguous but, in fact, the Clause is not ambiguous. As noted above, only one reading gives meaning to all words of the Clause. The cases SimplexGrinnell cites within this circuit that refused to enforce a forum selection clause that was ambiguous or subject to different interpretations therefore are inapposite. *See Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *3 (W.D. Wash. June 6, 2006) (forum selection clause that provided that the parties "would further agree that venue to seek such enforcement will reside in the United States and in the county of residence of the non-breaching party" found ambiguous and to not constitute waiver); *Aviation Finance Group, LLC, v. Duc Housing Partners, Inc.*, No. 1:08-CV-535, 2009 WL 1298403, at *3 (D. Idaho May 7, 2009) (contract language that provided "Grantor [Duc Housing] agrees upon Lender's [Aviation Finance] request to submit to the jurisdiction of the courts of Ada County, State of Idaho" and that the parties' contract "will be governed by, construed and enforced in accordance with federal law and the laws of the State of Idaho" found unclear and subject to two interpretations, thus precluding finding of waiver).

On this point, the Clause is similar to the forum selection clause in *Snapper, Inc. v. Redan*, which gave one party the option to choose between state and federal courts within Georgia. In *Snapper*, the forum selection clause provided that litigation could be brought "in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division,

---

[1] SimplexGrinnell argues that any implied waiver of removal rights in the Clause was not clear and unequivocal. As noted previously, the standard under which a contractual forum selection clause is reviewed is ordinary principles of contract interpretation, not a clear and unequivocal standard.

all as Creditor may elect." *Snapper*, 171 F.3d at 1260.  The court held this clause to be enforceable and a waiver of the other party's right to remove.  Here, the Clause similarly provides that litigation "will be conducted exclusively in federal or state court in the state of Oregon, at the discretion of Company[.]"

Furthermore, the language in the Clause that "any litigation" between PacifiCorp and SimplexGrinnell "will be conducted exclusively in federal or state courts in the State of Oregon, at the discretion of [PacifiCorp]," is further evidence of a waiver of SimplexGrinnell's right to remove. Key is that PacifiCorp's exercise of discretion is not limited to only those instances in which it files suit. Instead, PacifiCorp may exercise its discretion whenever *any* litigation arises from the contract, regardless of which party initiates it.  Put another way, under the Clause it matters not which party files suit first or where they file it; the ultimate choice of state or federal court in Oregon is always with PacifiCorp.  Reading into the Clause an implied right to remove on behalf of SimplexGrinnell would be entirely inconsistent with this plain language.  To the contrary, the Clause's language constitutes a waiver of SimplexGrinnell's right to federal removal.

### Conclusion

PacifiCorp's motion (#8) to remand should be GRANTED and this case remanded back to Multnomah County Circuit Court for the State of Oregon.

### Scheduling Order

The above Findings and Recommendation are referred, effective this date, to a United States District Judge for review.  Objections, if any, are due no later than July 23rd, 2009.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the

FINDINGS AND RECOMMENDATION        10                                {AM}

objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 9th day of July, 2009.

JOHN V. ACOSTA
United States Magistrate Judge

FINDINGS AND RECOMMENDATION        11                              {AM}