FILED'09 OCT 06 11:02USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP,

        Plaintiff,                        Civil No. 09-412-AC

    v.                                 ORDER

SIMPLEXGRINNELL LP,

        Defendant.

HAGGERTY, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation [15] recommending that plaintiff PacifiCorp's Motion to Remand [7] be granted. Objections [195] to the Findings and Recommendation were filed by defendant SimplexGrinnell. The matter was then referred to this court for review.

When a party objects to any portion of a Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Defendant filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendations, defendant's objections, and the record of the case. For the following reasons, the objections are overruled.

1 -- ORDER

## BACKGROUND

The Magistrate Judge provided a thorough recitation of the relevant facts previously, and these facts need only be summarized here. The parties entered into a general services contract on December 27, 2005. The terms of the agreement provided that any litigation between the parties will be conducted exclusively in federal or state court in Oregon, at the discretion of plaintiff, and that defendant consented to such jurisdiction. The Findings and Recommendation concluded that the forum selection clause summarized above was mandatory and exclusive, relying upon a number of decisions from the Ninth Circuit to support this conclusion. Findings and Recommendation at 5-6.

The Findings and Recommendation also found that the clause is not ambiguous. Instead, "the ultimate choice of state or federal court in Oregon is always with PacifiCorp," and interpreting "an implied right to remove on behalf of SimplexGrinnell would be entirely inconsistent with this plain language." Findings and Recommendation at 10. The Findings and Recommendation concluded that "the Clause's language constitutes a waiver of SimplexGrinnell's right to federal removal." *Id*.

## ANALYSIS

Defendant objects, arguing first that the Findings and Recommendation erred by ignoring the Ninth Circuit's standard requiring that waivers of federal jurisdiction be clear and unequivocal. While that standard is applicable in situations in which the jurisdictional waiver in dispute arises during the course of litigation or as a result of a party's conduct, the Findings and Recommendation did not err in applying ordinary contract principles in interpreting these parties' contractual waiver. Moreover, the citation to a decision outside the Ninth Circuit that best

illuminated this correct conclusion was proper. *See* Findings and Recommendation at 4, 8-10 (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir 1999)).

Defendant's related argument that the Findings and Recommendation erred in relying upon authorities that addressed forum selection clauses that used similar – but not identical – terminology to the clause at issue here is unpersuasive. The terms that these parties employed to constitute their forum selection clause are sufficiently similar to those terms used in forum selection clauses that waived removal rights validly. The Findings and Recommendation concluded properly that the clause at issue was sufficiently mandatory and exclusive to be construed as waiving defendant's right to remove. Findings and Recommendation at 3-4.

Finally, defendant's renewed argument regarding the clause's possible ambiguity is rejected. The Findings and Recommendation properly concluded that "in fact, the Clause is not ambiguous, " and that only a single reading gives meaning to all of the clause's terms. Findings and Recommendation at 9.

## CONCLUSION

The Findings and Recommendation [15] is adopted. For the reasons stated in the Findings and Recommendation, plaintiff's Motion to Remand [8] is GRANTED. This action is remanded to the Multnomah County Circuit Court for the State of Oregon.

IT IS SO ORDERED.

Dated this 6 day of October, 2009.

Ancer L. Haggerty
United States District Judge